**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-6049**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

DAVID HILL,

                Defendant - Appellant.

**No. 09-6413**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

DAVID HILL,

                Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, Senior District Judge. (1:01-cr-00191-CMH-1)

Submitted: February 25, 2011      Decided: March 21, 2011

Before NIEMEYER, SHEDD, and WYNN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

———————————

David Hill, Appellant Pro Se. Dana James Boente, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In this consolidated proceeding, David Hill seeks to appeal two orders entered by the district court: (1) an order construing his first Fed. R. Civ. P. 60(b) motion as a Fed. R. Crim. P. 33 motion for new trial and dismissing it as time-barred (No. 09-6049); and (2) an order construing his second Rule 60(b) motion as a motion for reconsideration and denying it (No. 09-6413).[*] We dismiss the appeals.

"[D]istrict courts must treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application." United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003) (emphasis in original) (internal quotation marks omitted). Accordingly, "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider." Id. at 207.

---

[*] We initially ordered a limited remand in No. 09-6413 for a determination of whether the notice of appeal was timely filed. Upon further consideration, we conclude that the appeals are civil in nature, and No. 09-6413 is therefore timely.

To the extent that Hill's Rule 60(b) motions in both appeals attack his convictions or restate issues previously raised in his 28 U.S.C.A. § 2255 (West Supp. 2010) motion, we conclude that the motions do not comport with the purpose of Rule 60(b) and that the district court should have dismissed them as unauthorized § 2255 motions. See Winestock, 340 F.3d at 207 ("[N]ew legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence."). Accordingly, we deny Hill's motion for a certificate of appealability and dismiss this portion of the appeals.

Hill's contention, in No. 09-6049, that the Government proceeded in a fraudulent manner during the § 2255 proceeding, however, is the proper subject of a Rule 60(b) motion. See id. ("[A]n example of a proper Rule 60(b) claim is an allegation that government agents perpetrated a fraud on the court during the collateral review proceedings."). An appeal may not be taken to this court from the final order in a proceeding under § 2255, including the denial of a Rule 60(b) motion seeking relief from the underlying denial of a post-conviction motion, unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2006); Reid v. Angelone, 369 F.3d 363, 368-70 (4th Cir. 2004). When the district court

4

denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

While the district court may have procedurally erred in denying Hill's fraud upon the court claim, we conclude that application of an alternative procedural ground renders Hill's appeal futile. See Reid, 369 F.3d at 372 n.5 (suggesting that procedural ground not employed by district court may render appeal futile). Here, Hill did not file a timely Rule 60(b)(3) motion because he filed it three years after the district court denied § 2255 relief, well beyond the authorized one-year period. Great Coastal Express, Inc. v. Int'l Bhd. of Teamsters, 675 F.2d 1349, 1355 (4th Cir. 1982) ("A motion under [Rule] 60(b)(3), however, must be made within one year after the judgment was entered."). We therefore deny a certificate of appealability and dismiss the fraud upon the court claim.

Additionally, under Winestock, we have considered Hill's notices of appeal and informal brief as an application to file a second or successive § 2255 motion. In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C.A. § 2255(h). Because Hill's claims do not satisfy either of these criteria, we conclude that authorization to file a successive § 2255 motion should not be granted.

Accordingly, while we grant Hill's motions to amend his informal brief, we dismiss the majority of Hill's claims set forth in his two Rule 60(b) motions as unauthorized successive § 2255 motions and deny a certificate of appealability as to Hill's fraud upon the court claim and dismiss that claim, as well. We also deny Hill authorization to file a successive § 2255 motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED